# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. STEVEN MCDANIEL,

       Petitioner,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,

       Agency.

DOCKET NUMBER
CB-1208-23-0006-U-5

DATE: November 17, 2023

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Dustin Seth Frankel, Esquire, Washington, D.C., for the petitioner.

Katherine W. Krems, Esquire, Washington, D.C., for the relator.[2]

Glen E. Woodworth, Esquire, Anchorage, Alaska, for the agency.

Theodore M. Miller, Esquire, Seattle, Washington, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] To the extent the relator may have a new representative, he must file a signed designation pursuant to 5 C.F.R. § 1201.31.

**ORDER ON STAY EXTENSION REQUEST**

¶1 Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of the probationary termination of Mr. McDaniel by the Department of Veterans Affairs (agency) while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

**BACKGROUND**

¶2 On April 6, 2023, OSC requested a 45-day initial stay of the probationary termination of Mr. McDaniel based on alleged misconduct. *Special Counsel ex rel. McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-1, Stay Request File, Tab 1. In its initial stay request, OSC argued that it had reasonable grounds to believe that the agency's action was in retaliation for Mr. McDaniel's protected disclosures and activities under 5 U.S.C. § 2302(b)(8) and (b)(9)(C). *Id.* On April 10, 2023, OSC's initial stay request was granted through and including May 24, 2023. *Special Counsel ex rel. McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-1, Order on Stay Request, ¶¶ 1, 10 (Apr. 10, 2023). OSC subsequently requested, and the Board granted, three extensions of the stay.[3] The stay currently ends on November 20, 2023. *Special Counsel ex rel. McDaniel v. Department of Veterans*

---

[3] By order dated May 24, 2023, the Board granted OSC's request to extend the stay for 60 days, through and including July 23, 2023. *Special Counsel ex rel. McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-2, Order on Stay Extension Request (May 24, 2023). By order dated July 19, 2023, the Board granted OSC's second request to extend the stay for 60 days, through and including September 21, 2023. *Special Counsel ex rel. McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-3, Order on Stay Extension Request (July 19, 2023). By order dated September 7, 2023, the Board granted OSC's third request to extend the stay for 60 days, through and including November 20, 2023. *Special Counsel ex rel. McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-4, Order on Stay Extension Request (Sept. 7, 2023).

*Affairs*, MSPB Docket No. CB-1208-23-0006-U-4, Order on Stay Extension Request, ¶ 8 (Sept. 7, 2023).

¶3  On November 2, 2023, OSC filed a fourth request to extend the stay for an additional 60 days. *Special Counsel ex rel. McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-5, Stay Request File (U-5 SRF), Tab 1. OSC asserts that the agency consents to the extension request, and the agency has not filed a response. *Id.* at 2.

## ANALYSIS

¶4  A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may grant the extension for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶5  In its fourth request for a 60-day extension of the existing stay, OSC asserts that it has submitted a report of its findings, pursuant to 5 U.S.C. § 1214(b)(2)(B), to the agency, the Board, and the Office of Personnel Management, finding that Mr. McDaniel's probationary termination constituted a prohibited personnel practice in violation of 5 U.S.C. §§ 2302(b)(8) and (b)(9)(C). U-5 SRF, Tab 1 at 2, 6. OSC also asserts that the agency has communicated interest in resolving the matter, and requests the extension to allow the parties an opportunity to negotiate corrective action, and to allow time for the agency to complete its response to OSC's findings. *Id.* at 2.

¶6 Viewing the record in the light most favorable to OSC, and considering the fact that the evidentiary record supporting OSC's initial stay request does not appear to have changed materially since the initial stay was granted, an extension of the stay is not clearly unreasonable. *See Special Counsel ex rel. StephensonPino v. Department of the Navy*, 97 M.S.P.R. 25, ¶¶ 5-6 (2004) (granting a stay extension request when OSC's record supporting its claim had not changed, the agency did not oppose the extension request, and OSC represented that the parties were making progress toward a settlement agreement). However, a separate determination must be made on the length of a requested stay. *Waddell*, 105 M.S.P.R. 208, ¶ 5. It is the intent of Congress that stays not be extended for long periods. *Special Counsel v. Department of the Treasury*, 71 M.S.P.R. 419, 421 (1996). Moreover, the Board is obligated to press OSC to present corrective action cases in a timely manner. *Id.* Here, OSC has made significant progress, as it has completed its investigation, and submitted its report of findings. U-5 SRF, Tab 1 at 2, 6. Furthermore, the agency has consented to the extension, and it is beneficial to allow the parties an opportunity to resolve this matter outside of litigation. *Id.* at 2; *see Special Counsel v. Department of Veterans Affairs*, 46 M.S.P.R. 544, 545-46 (1991) (finding that an extension of a stay to allow the parties time to attempt a resolution without litigation is not clearly unreasonable). Accordingly, in light of these factors, we find that a 60-day extension of the stay is warranted, and we therefore grant OSC's request.

## ORDER

¶7 Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 60-day extension of the stay is hereby GRANTED, and it is ORDERED that:

(1) The stay issued on April 10, 2023, is extended through and including January 19, 2024, on the terms and conditions set forth in that Order;

(2) The agency shall not effect any changes in the relator's duties or responsibilities that are inconsistent with the relator's salary or grade

level, or impose upon the relator any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)     Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)     Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before January 4, 2024; and

(5)     Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before January 11, 2024.

Jennifer Everling

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.